**JUDGE MARRERO**

Thomas E. Willoughby (TW4452)
HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York, 10006
(212) 669-0600



07 CV 2988

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MACCAFERRI, INC.,

       Plaintiff,

 - against -

M/V "MSC TASMANIA", *in rem*, Mediterranean
Shipping Company, S.A., Geneva, and
Tasmania S.A., *in personam*

       Defendants.
------------------------------------------------------------X

RECEIVED
Index APR 1 3 2007
U.S....
CAS...

**COMPLAINT**

  The plaintiff herein, by its attorneys, Hill Rivkins & Hayden LLP, complaining of the above named vessel and defendants, alleges upon information and belief as follows:

  **FIRST:** This Court has jurisdiction pursuant to 28 U.S.C. 1331(a) in that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

  **SECOND:** At and during all the times hereinafter mentioned, plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof.

  **THIRD:** At and during all times hereinafter mentioned, defendants had and

now have the legal status and offices and places of business stated in Schedule A, and now are engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered, and controlled the above named vessel which now is or will be within the jurisdiction of this Court during the pendency of this action, and additionally conducted business within the boundaries of the Southern District of New York.

**FOURTH:** On or about the date and at the port of shipment stated in Schedule A, there was delivered to the vessel and defendants in good order and condition the shipments described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

**FIFTH:** Thereafter, the said vessel arrived at the port of destination described in Schedule A, where the cargoes were delivered short and/or otherwise damaged.

**SIXTH:** By reason of the premises, the above named vessel and defendants breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

**SEVENTH:** By reason of the premises, the above named defendants breached, failed, and violated their contractual duties and obligations to plaintiff.

**EIGHTH:** Plaintiff was the shipper, consignee or owner of the shipments as described in Schedule A, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interests of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**NINTH:** Plaintiff has performed all duties and obligations on its part to be performed.

**TENTH:** By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $20,000.00.

W H E R E F O R E, plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against the defendants.

2. That if the defendants cannot be found within this District, that all of its property within this District be attached in the sum set forth in this complaint, with interest and costs.

3. That a decree be entered in favor of plaintiff against defendants and the vessel for the amount of plaintiff's damages, together with interest and costs.

4. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessel.

5. Plaintiff further prays for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated: New York, New York
April 13, 2007

                HILL RIVKINS & HAYDEN
                Attorneys for Plaintiff,

                By: _____
                    Thomas E. Willoughby (TW4452)
                    45 Broadway, Suite 1500
                    New York, New York 10006
                    (212) 669-0600

## SCHEDULE A

Plaintiff's legal status and place of business:

Maccaferri, Inc. is a corporation organized under the laws of one of the states of the United States with a principal place of business at 10303 Governor Lane Boulevard, Williamsport, Maryland 21795.

Defendants' legal status and place of business:

Mediterranean Shipping Company, S.A., Geneva, is a corporation organized under the laws of a foreign country with an office and place of business at 420 Fifth Avenue, New York, New York 10018.

Tasmania S.A. is a corporation with an office in Panama and is managed by Mediterranean Shipping Co. (U.S.A.) Inc. which has an office and place of business at 420 Fifth Avenue, New York, New York 10018.

| | |
|---|---|
| Date of Shipment: | March 22, 2006 |
| Place of Receipt: | Santos, Brazil |
| Port of Loading: | Santos, Brazil |
| Port of Discharge: | Baltimore |
| Place of Delivery: | Baltimore |
| Shipper: | Maccaferri do Brasil, Ltda. |
| Consignee: | Maccaferri Inc. |
| Notify: | Maccaferri Inc. |
| Description of Shipment: | Woven wire gabions (cages) |
| Nature of Loss or Damage: | Water Damage |
| Bill of lading No.: | MSCUSQ297521 |
| Container No.: | MSCU 429467-7 |
| MSC Ref.: | MSC 5786 |